1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Criminal Action |
| | * | No. 11-119 |
| Plaintiff, | * | |
| | * | Section "C" |
| v. | * | |
| | * | New Orleans, Louisiana |
| CHRISTOPHER DORSEY, | * | July 18, 2012 |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * *

SENTENCING
BEFORE THE HONORABLE HELEN G. BERRIGAN,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Government: | United States Attorney's Office |
| | By:  MAURICE LANDRIEU, ESQ. |
| | 650 Poydras Street, Suite 1600 |
| | New Orleans, Louisiana 70130 |
| For the Defendant: | J.C. Lawrence & Associates |
| | By:  JAMES C. LAWRENCE, JR., ESQ. |
| | 303 S. Broad Avenue |
| | New Orleans, Louisiana 70119 |
| Court Audio Operator: | Cindy Usner |
| Transcriptionist: | Ann B. Schleismann |
| | c/o U.S. District Court |
| | 500 Poydras Street, Room C151 |
| | New Orleans, Louisiana 70130 |
| | (504) 589-7721 |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
 1                    P R O C E E D I N G S
 2                    (Wednesday, July 18, 2012)
 3            THE CLERK:  Criminal Action Number 11-119 C,
 4   United States of America v Christopher Dorsey.
 5            MR. LANDRIEU:  Good morning, Your Honor; Maurice
 6   Landrieu appearing on behalf of the United States.
 7            MR. LAWRENCE:  James Lawrence on behalf of
 8   Christopher Dorsey, Your Honor.
 9            THE COURT:  All right.  The matter is before us for
10   sentencing.  Is there any reason why sentence should not go
11   forward at this time?
12            MR. LANDRIEU:  None by the Government.
13            MR. LAWRENCE:  None, Your Honor.
14            THE COURT:  All right, Mr. Dorsey, have you received
15   a copy of the Pre-Sentence Report?
16            DEFENDANT DORSEY:  Yes, ma'am.
17            THE COURT:  And you read through it?
18            DEFENDANT DORSEY:  Yes, ma'am.
19            THE COURT:  Okay, there's lots of objections to the
20   Pre-Sentence Report from both sides, so I'm going to work my
21   way through those.
22            The Government objection, the first objection was
23   that Mr. Dorsey was not given any points for a leadership role.
24   The Government pointed out that Mr. Fedison, his cohort, did
25   get points, specifically two points, for a leadership role.
```

1  The Government urged a four-point increase on the basis that
2  five or more persons participated in the criminal activity.
3           I think that is stretching it.  I agree with the
4  Probation Officer that really only Dorsey, and Mr. Pollard, and
5  Fedison were responsible for the illegal behavior.
6           On behalf of the Defendant, Mr. Lawrence, counsel,
7  urged that Mr. Dorsey be given a minor or minimal role
8  decrease.  I find that totally inappropriate.  I do think that
9  Mr. Dorsey was as equally involved with Mr. Fedison in
10 orchestrating the obstruction of justice, so I will grant a
11 two-point enhancement for Mr. Dorsey with respect to his
12 leadership role.
13          The second objection from the Government was that
14 Mr. Dorsey should not be given any points for acceptance of
15 responsibility based on his various statements that were
16 provided to the Probation Officer.  This was a situation where
17 Mr. Dorsey would have been better off perhaps if he had said
18 less.  However, in the statements he did take responsibility
19 several times for being a felon in possession of a firearm and
20 for obstruction, obstructing justice, which is what he was
21 charged with and what he pled guilty to.
22          The main dispute between him and the Government was
23 how they portrayed his rapping career which had nothing
24 directly to do with what he was charged with.  And the
25 Government did spend a great deal of time displaying the

4

1 various videos and arguing enhancements on that basis, and I
2 did think Mr. Dorsey was certainly entitled to try to refute
3 the image the Government was attempting to portray.
4     I note that Mr. Dorsey has five adult convictions
5 that counted in his criminal history score, but only two of
6 them, possession of heroin and cocaine, and attempted
7 possession of a concealed weapon were what I would call serious
8 charges.  Two were possession of marijuana charges which
9 resulted in a combined total of four days in jail, and the
10 third was a DWI.  None of his criminal convictions were crimes
11 of actual violence, so his argument that his rapping was more
12 about image than about himself has some credibility with me.
13     But on the other hand his videos extol and glorify
14 violence, make it seem glamorous and powerful.  I think
15 probably his videos and his rapping may have contributed to the
16 murders of young people in this city.  Young people listen to
17 his rapping, look at his videos.  It encourages them to think
18 violence is not only okay but it's something to admire and
19 emulate.  I think that's deplorable and, frankly, disgusting.
20 And for that I think Mr. Dorsey should really be ashamed.
21     Nevertheless, the videos are unrelated to the charges
22 that Mr. Dorsey pled guilty to and because he has accepted
23 responsibility for those charges, I will give him the two
24 points within my power for acceptance of responsibility.  He
25 did plead guilty and he avoided the necessity of a trial.  I do

1  think the Government is frankly being unreasonable in not
2  awarding him a third point, but that is their call, not mine.
3         Okay, there was some Defendant objections to the Pre-
4  Sentence Report.  The first one was an objection to a four-
5  point enhancement for possessing a firearm in connection with
6  another crime, specifically the possession of illegal
7  narcotics.  The Defense argues that Mr. Dorsey did not know
8  about Pollard's illegal drugs being in the car.  I think that
9  Mr. Dorsey was probably aware of the drugs being in the console
10 of the car which is also where the guns were that Mr. Dorsey
11 pled guilty to possessing.  Regardless, 2K2.1 does not appear
12 to require actual knowledge.  What is required for the
13 enhancement is that the firearm for which Mr. Dorsey plead
14 guilty to be in close proximity to the illegal drugs which they
15 were.  So, I find that the plus four enhancement is
16 appropriate.
17        Objection Number 2 was the objection calling for a
18 minor or minimal role reduction.  As I already stated, I think
19 Mr. Dorsey and Mr. Fedison were equal leaders in the
20 criminalist conduct and that the two-point role enhancement is
21 appropriate.
22        Objection Number 3 called for a downward variance on
23 the basis that Mr. Dorsey has children, as no violent criminal
24 history, and has strong character letters.  All of that is
25 true.  But as I ready pointed out his music and his videos are

1  deplorable and irresponsible, and while I don't intend to
2  enhance his sentence on that basis, I don't think he should be
3  rewarded on that basis either.  All right, so there will be no
4  downward variance.
5           The Government has moved for a sentencing departure
6  -- well, let me say this before I go into the sentencing
7  departure issue.  Are those all the objections that were made
8  to the Pre-Sentence Report on both the Government and the
9  Defense behalf?
10          MR. LANDRIEU:  They are for the Government,
11 Your Honor.
12          MR. LAWRENCE:  They are, Your Honor.
13          THE COURT:  Okay.  All right, for those factual
14 statements that are contained in the finding of fact to which
15 there is no objection, I adopt those statements as my findings
16 of fact and order that the PSI with the exception of the
17 Probation Officer's recommendation be made a part of the record
18 and filed under seal.
19          By my calculations I find that this offense had a
20 total offense level of 30, a criminal history category of four
21 which would indicate 135 to 160 months -- 168 months
22 imprisonment.  Probation is here -- is Probation here?
23          PROBATION OFFICER:  Yes, Your Honor.
24          THE COURT:  Yeah, just cross-check me on that.
25          PROBATION OFFICER:  Bring me up to speed on where we

1  are.

2           THE COURT:  Okay.  The way I calculated it with a
3  plus two for a leadership role, a minus two for acceptance of
4  responsibility which essentially negates that, plus I agree
5  with the plus four for 2K2.1.  Anyway, my calculations came
6  out, and I did go over this yesterday with the Probation
7  Department, my calculations came out to a total offense level
8  of 30, a criminal history category of 4 which would indicate
9  135 to 168 months imprisonment.

10          PROBATION OFFICER:  That is correct, Your Honor.

11          THE COURT:  Okay.

12          All right, one to three years supervised released,
13 $17,500 to $175,000 fine, plus cost of imprisonment and
14 supervision.  Probation is not available.  Restitution is not
15 applicable and there is a $300 special assessment.

16          Okay, now I want to turn to the Government's motion
17 for a sentencing departure.  The Government in its motion has
18 called for a sentence of 300 months or essentially 25 years.
19 First it argues that Mr. Dorsey pled guilty to two counts of
20 being a felon in possession of a firearm, but that the second
21 count was not considered in the guideline calculation.  That
22 actually is not correct.  Mr. Dorsey did receive a two-point
23 enhancement because he possessed at least four guns in total.

24          Second, the Government argues that his sentence
25 should be enhanced based on un-adjudicated criminal conduct.  I

1  am old fashioned I guess, but I do believe in the presumption
2  of innocence.  And since Mr. Dorsey was not in fact convicted
3  nor pled guilty to any of those offenses, I'm not going to
4  consider them.
5          Likewise, I will not consider evidence of prior
6  manipulative conduct.  Much of that consisted of various phone
7  calls from the jail as well as material from Mr. Dorsey's
8  videos which I have already said I think are deplorable and
9  disgusting.
10         I agree with the Government that Mr. Dorsey may not
11 have been the point person on acts of violence, but he
12 "certainly fostered an atmosphere with his associates that
13 glamorized the killing of young men in the city and attempted
14 to make the general public fear retaliation if anyone dared
15 cooperate with the police."  And again for that reason I just
16 think his career has just been very -- just deplorable and sad.
17 Nevertheless, just as I did not find those videos justified a
18 downward departure, I don't think them appropriate for upward
19 departing either.
20         Okay, I think that that handles the various
21 objections and I note the Government's objection and the
22 Defense's objection to the rulings that I made that were
23 adverse to them.
24         All right, Mr. Lawrence, is there anything that you
25 wish to say prior to sentence being imposed?

1            MR. LAWRENCE:  One small comment, Your Honor, on your
2   determination that the drugs and the guns were found in close
3   proximity.  I believe that there was a secret passage
4   underneath the console and the drugs were in the console.
5   That's all as far as that goes.
6            As far as the rest of challenge, Mr. Dorsey though
7   many people would frown upon his art, it is art.  It is
8   appreciated by some and not appreciated by others.  I
9   particularly don't really like it, but I recognize it for what
10  it is.
11           Your assessment of a number of facts to be gleaned
12  from the conversations and the debriefings and the things that
13  the Government would put forth as evidence, we appreciate it.
14           Mr. Dorsey is not a bad person, Your Honor.  You've
15  read the letters.  You've seen -- you probably know more about
16  him now than you ever would have in this life at this point in
17  time.  I know him personally.  He's not a bad person and
18  basically --
19           THE COURT:  I agree with that.
20           MR. LAWRENCE:  -- the penalty that he faces on this
21  crime on the low end is particularly significant.  For this
22  particular arena it's almost horrendous.  We just ask that you
23  show him whatever mercy you possibly can, Your Honor.
24           THE COURT:  All right.
25           Mr. Landrieu?

1          MR. LANDRIEU:  Yes, ma'am.  Your Honor, as
2   Mr. Lawrence, I just had an objection to some of your findings.
3   I'd like to just comment on one of them.
4          You indicated that his videos had nothing to do with
5   the crimes to which he pled guilty here.  I think there's a
6   nuance there.  One of the charges, a felon in possession of a
7   firearm, is based on one of those videos, him waving guns
8   around on the streets of this city while they're saying about
9   you know nobody cooperate with the police and snitch and all
10  that stuff.  So, it's almost impossible to -- while he
11  possessed the gun and he shouldn't have, that's -- we could
12  have had the video with no audio, I guess that would have been
13  a crime as well.  But it's really difficult to separate the
14  video from the audio in connection with that.  So, I do think
15  those videos were relevant to not only the conviction because
16  they formed the basis of it, but also for this Court to impose
17  an appropriate sentence.
18         I think that -- and I do agree with the Court's
19  position that these videos were horrendous, especially in this
20  city right now when we have such violence going on, and
21  retaliatory murders, and no one cooperating with the police and
22  it seems to be a horrific cycle of violence.  And he's
23  profiting from it.  That's relevant.  How would we think if the
24  big cases that we just handled in Judge Engelhardt's court
25  where the police department shot and killed innocent people on

1   the streets of the city and then turned around and made a video
2   about it? We would like back up and say, "What are y'all
3   doing? Y'all are really off your rockers." Well, that's what
4   his songs were about, not just about somebody else in another
5   city who's gunned down somebody in drug violence, but his own
6   buddies who shot somebody at a club and then they're singing
7   about it. I think that raises the stakes a little bit.
8            I appreciate the Court's evaluation of the evidence.
9   But as Mr. Lawrence said he's not a bad person, I think the
10  transcripts that I've given to you of phone calls where
11  Mr. Dorsey and some of his associates are speaking on the
12  jailhouse phone calls about doing a drive-by shooting, about
13  time, and time, and time again trying to kill another human
14  being while some of them are in jail and while Mr. Dorsey was
15  on the street. I think one of the phone calls to some extent
16  goes where Mr. Porter, Walter Porter is on the phone and he's
17  describing how he was doing the drive-by, he was going to slow
18  down a little bit and Mr. Dorsey's hanging out the window. He
19  didn't want to stop because his reactions were too slow and he
20  didn't want him to get hurt. I mean that's pretty chilling
21  telephone calls about the future dangerousness of another
22  human being and I think we should take those into
23  consideration.
24           I appreciate the Court's position and if those are
25  the guidelines the Court determined, so be it, we can live with

1  that.  But I would ask the Court to give him a sentence at the
2  top of the guidelines.
3            THE COURT:  Okay, anything else?
4            MR. LANDRIEU:  Not from the Government, Your Honor.
5            THE COURT:  All right, pursuant to the Sentencing
6  Reform Act of 1984 and considering the provisions of
7  18 USC 3553, it is the judgment of the Court that the Defendant
8  Christopher Dorsey is hereby committed to the Bureau of Prisons
9  as to respect to Counts 1 and 2 for a period of 120 months and
10 168 months as to Count 3 to be served concurrently.
11           Upon release from imprisonment he shall be placed on
12 supervised release for a term of two years as to Counts 1 and 2
13 and 3 -- 1, 2, and 3 to be served concurrently.
14           Within 72 hours of release from the custody of the
15 Bureau of Prisons he shall report in person to the Probation
16 Office in the district to which he is released.  While on
17 supervised release he shall not commit another federal, state,
18 or local crime, shall comply with the standard and mandatory
19 conditions that have been adopted by this Court, shall not
20 possess a firearm, destructive device, or other dangerous
21 weapon, and shall cooperate in the collection DNA as directed
22 by the Probation Officer.  He shall also not unlawfully possess
23 or use a controlled substance.
24           In addition the following special conditions are
25 imposed; (1) the orientation and life skills condition, (2) the

1  drug abuse treatment and/or testing condition, (3) the
2  performance of 400 hours of unpaid community service as
3  directed by the U.S. Probation Office, and (5) shall obtain
4  written approval from the Court before entering into any self-
5  employment.
6          I find that he does not have the ability to pay a
7  fine and I'll waive the fine in this case.
8          There is a special assessment in the amount of $300
9  which is due immediately.
10         This is a guideline sentence and I find no reason to
11 depart from the sentence called for inasmuch as the facts as
12 found are contemplated by the Sentencing Commission.
13         Mr. Dorsey, you do have the right to appeal your
14 sentence and your conviction in this matter.  If you are unable
15 to afford the services of an attorney to handle your appeal I
16 will appoint counsel for you.  Also, if you cannot afford it, a
17 transcript of the record in this case will be prepared for
18 appeal at the Government's expense.
19         Any recommendation as to a facility, Mr. Lawrence, as
20 close to New Orleans as possible?
21         MR. LAWRENCE:  As close, Your Honor.
22         THE COURT:  Okay.  I recommend a facility as close to
23 New Orleans as possible.
24         Anything else?
25         MR. LANDRIEU:  No, ma'am.

14

1        THE COURT:  Okay, all right.  The Court is in recess.
2        MR. LANDRIEU:  Thank you, Your Honor.
3                        *   *   *   *   *

## **C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

<u>S/Ann B. Schleismann</u>                                                                                          <u>8/6/12</u>
 ANN B. SCHLEISMANN                                                                                              DATE