UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-119 |
| CHRISTOPHER DORSEY | SECTION C(5) |

ORDER AND REASONS

This matter returns to the Court on movant's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. 66. The government opposes. Rec. Doc. 75. For the following reasons, the Court will conduct an evidentiary hearing on the substance of movant's ineffective assistance of counsel claim and deny the remainder of the motion.

I. Factual Background and Procedural History

On May 12, 2011, a federal grand jury indicted movant with two counts of knowing possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and 18 U.S.C. § 2 and one count of conspiring to obstruct, influence, or impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and § 1512(k). Rec. Doc. 1. Private counsel, Frank DeSalvo represented movant at his initial appearance on May 19, 2011. On August 31, 2011, James Lawrence, another private attorney, substituted for Mr. Desalvo after the movant retained his services. Rec. Doc. 75-2, ¶ 2. On September 19, 2011, the United States Attorney provided Mr. Lawrence with 89 pages of documentary discovery. Rec. Doc. 75-1 at 1. On December 7, 201l, movant pled guilty to all three counts of the indictment without a plea agreement. Rec. Doc. 60.

On July 18, 2012, the Court sentenced movant to a term of imprisonment of 120 months

1

for counts one and two and 168 months for count three, all to be served concurrently with one another. Rec. Doc. 49; Rec. Doc. 50 at 12. The Court advised movant of his right to appeal. *Id.* at 13.

On February 20, 2013, the Court received a letter from movant dated November 29, 2012, requesting the Court to appoint counsel for purposes of appeal, which the Clerk treated as a notice of appeal. Rec. Doc. 51. On March 19, 2013, movant filed a "Pro Se Notice of an Out of Time Appeal" which the Clerk treated as a supplemental notice of appeal. Rec. Doc. 55. On March 27, 2013, the Magistrate Judge appointed the Federal Public Defender to represent movant on appeal. Rec. Doc. 56.

On August 1, 2013, movant filed the instant pro se Motion to Vacate, Set Aside, or Correct Sentence, along with a Motion to Stay and for Abeyance of the Motion to Vacate pending appeal. Rec. Docs. 63-64. On August 23 and September 12, 2013, the United States Fifth Circuit Court of Appeal dismissed movant's appeals as untimely. Rec. Docs. 71, 73. This Court deemed movant's Motion to Stay and for Abeyance moot. Rec. Doc. 72.

II. Analysis

In the instant motion, movant contends: (1) that Mr. Lawrence rendered ineffective assistance of counsel when he advised movant that he had two years to take an appeal from his conviction; (2) that the Court denied movant the right of allocution guaranteed by Federal Rule of Criminal Procedure 32; and (3) that the Court erred in applying a 4-level enhancement based on the proximity of movant's firearm to Demounde Pollard's prescription medication.

   *A. Ineffective Assistance of Counsel*

The Sixth Amendment entitles movant to the effective assistance of counsel at all critical stages of the criminal process. *See, e.g.*, *Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012). To sustain a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Deficient performance requires a showing "that counsel made errors so serious that counsel was not functioning as counsel guaranteed" by the Sixth Amendment and that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688, 104 S. Ct. at 2064. To make such a showing, a defendant must "identify the acts or omissions alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. A reviewing court must then determine whether the identified acts or omissions fell outside "the wide range of professionally competent assistance," while indulging "a strong presumption that counsel's conduct falls within" that range. *Id.* at 689, 104 S. Ct. at 2065. A defendant must overcome "a strong presumption" that counsel's conduct "might be considered sound trial strategy." *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164, 100 L.Ed. 83 (1955)).

Prejudice requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* A court may consider the twin requirements of deficient performance and prejudice in either order; failure on one prong obviates the need to analyze the other. *Id.* at 697,

104 S. Ct. at 2069.

The two-part test of *Strickland v. Washington*, applies to guilty pleas challenged based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L.Ed.2d 203 (1985). However, the prejudice inquiry asks "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59, 106 S. Ct. at 370. "In other words, . . . the defendant must show that there is a reasonable probability that, but for trial counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id. Strickland* further applies to a defendant's waiver or exercise of his right to appeal; "[a] defendant is prejudiced by counsel's failure to fully inform him of his appellate rights when that failure actually causes the defendant to lose the right to appeal." *White v. Johnson*, 180 F.3d 648, 651-52 (5th Cir. 1999).

The only act or omission identified as deficient in movant's motion is counsel's alleged erroneous advice as to the time limit for filing an appeal. It is the well-established law of this Circuit that counsel's performance will fall below an objective standard of reasonableness when he fails to inform a defendant of the *correct* time for filing an appeal. *See United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) ("The Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.'"). Although it is possible that such a deficiency on the part of counsel could vitiate the voluntariness of an otherwise valid guilty plea, it is only where a sovereign will not permit the defendant to take any appeal in the face of such ineffectiveness that vacating his guilty plea is warranted. *See Lumpkin v. Smith*, 439 F.2d 1084, 1086 (5th Cir. 1971). Therefore, and especially in light of the fact that plaintiff has also filed a "Pro Se Notice of an

Out of Time Appeal" within the one-year limitations period for a § 2255 motion, Rec. Doc. 55, the Court must characterize the plaintiff's filing as a concurrent motion for out of time appeal.

In this case, movant and Mr. Lawrence clearly dispute whether Mr. Lawrence gave incorrect advice about the timing of appeals. That Mr. Lawrence advised movant of his right to appeal within two years of his plea is a sworn allegation of movant's § 2255 motion. Rec. Doc. 63. In Mr. Lawrence's affidavit filed in this Court, Mr. Lawrence swears that he is certain he did not and would not advise movant that he had two years within which to take an appeal. Rec. Doc. 75-2, ¶ 7.

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." The Court can point to any number of circumstances that undermine the credibility of movant's allegation against Mr. Lawrence - for instance, the length of time that Mr. Lawrence has practiced or movant's plea of guilty to conspiring to obstruct, influence, or impede the official proceedings <u>of this case</u> by procuring a false affidavit. Rec. Doc. 1. Nevertheless, the Fifth Circuit has repeatedly held that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981) (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977)). There is no support for either movant or his counsel in the record of the rearraignment and sentencing in this case. Specifically, the record does not disclose whether or how counsel advised plaintiff regarding the timing of his appeal. Under these circumstances, an evidentiary hearing is required. *See United States v. Noble*, 73 Fed. App'x 669, 670 (5th Cir. 2003) (in a § 2255 motion, evidentiary hearing required where

movant and attorney affidavits conflicted as to whether movant requested an appeal); *see also United States v. Havens*, 450 F. App'x 363, 364 (5th Cir. 2011) (material dispute between attorney and movant affidavits required evidentiary hearing); *United States v. McBrayer*, 111 Fed. App'x 723, 724 (5th Cir. 2004) (same).

For the time being the record also supports, or at least does not conclusively refute, that movant was prejudiced by counsel's alleged erroneous advice insofar as he would have opted to take an appeal if properly advised. Although Mr. Lawrence claims that movant expressed no interest in a appealing his sentence, Rec. Doc. 75-2, ¶ 7, Mr. Lawrence acted to preserve an objection to the sentence imposed on movant's behalf. Rec. Doc. 50 at 5, 8. This would have served little purpose if Mr. Lawrence had reliably ascertained that movant had no interest in an appeal. Further, the Court advised movant that he had the option of appointed counsel on appeal if he could not afford to hire one. *Id.* at 13. Movant may have been uncertain about who would represent him on appeal even if he did desire it. Finally, movant elected to plead guilty without the benefit of any plea agreement. It stands to reason that he would not have done this if he also intended to forgo any chance at reducing his sentence on appeal.

In light of the forgoing, an evidentiary hearing is required to resolve movant's claim of ineffective assistance of counsel.

*B. Denial of the Right to Allocution and Erroneous 4-Level Enhancement*

Insofar as movant urges these grounds as assignments of error that he would raise on appeal were his right to do so reinstated, the Court need not consider their merit at this time. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993) ("If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further

establish-as a prerequisite to habeas relief-that he had some chance of success on appeal."). Insofar as movant urges these issues as independent grounds for relief at this Court, the government is correct in stating that they do not give rise to issues cognizable in a motion under § 2255. *See Hill v. United States*, 368 U.S. 424, 428-429, 82 S. Ct. 468, 471-472, 7 L. Ed. 2d 417 (1962) (denial of represented defendant's right to make a statement on his own behalf in violation of Fed. R. Crim. P. 32(a) not cognizable under § 2255); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

Accordingly,

IT IS ORDERED that an evidentiary hearing be held on movant's claim of ineffective assistance of counsel on April 30, 2014 at 9:00 AM. The Clerk is directed to send a copy of this notice to movant's custodian in the Federal Bureau of Prisons.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside, or Correct sentences is DENIED in all other respects.

New Orleans, Louisiana, this 10th day of March, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE