UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 11-119

CHRISTOPHER DORSEY                          SECTION C(5)

<u>ORDER AND REASONS</u>

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), filed by defendant Christopher Dorsey. Rec. Doc. 63. The government opposes. Rec. Doc. 75. Having considered the record, the applicable law, and the submissions of counsel, the Court will GRANT defendant an out-of-time appeal.

**I. Background**

On May 12, 2011, a federal grand jury indicted defendant with two counts of knowing possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and 18 U.S.C. § 2 and one count of conspiring to obstruct, influence, or impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and § 1512(k). Rec. Doc. 1. A private attorney, Frank DeSalvo, entered an appearance on defendant's behalf at his initial appearance. Rec. Doc. 9. On August 31, 2011, another private attorney, James Lawrence, substituted for Mr. Desalvo after the defendant retained his services. Rec. Doc. 20. Mr. Lawrence was a close friend of defendant and his family and had represented defendant on previous occasions. Hearing Tr. 6:20-23, 16:5-8, May 7, 2014.

On December 7, 2011, defendant was re-arraigned and entered a plea of guilty to all three counts of the indictment without a plea agreement. Rec. Doc. 60. The Court conditionally accepted those pleas and ordered the preparation of a Presentence Investigation Report (PSR).

1

Defense counsel timely filed two objections to the PSR. The first objection argued that the probation officer had erroneously applied a four-level enhancement in offense level pursuant to USSG §2k2.1(b)(6)(B), based on codefendant Demound Pollard's possession of illegal narcotics. The second objection argued that the probation officer had erroneously omitted a four-level reduction in offense level pursuant to USSG §3b1.2(a), based on defendant's mitigating role in the offense.

On July 18, 2012, at the sentencing hearing in this matter, the Court overruled defendant's objections and unconditionally accepted his plea of guilty. The Court imposed a sentence of 120 months imprisonment on Counts One and Two of the indictment and 168 months on Count Three, all to be served concurrently with one another. Rec. Doc. 49; Rec. Doc. 50 at 12. Finally, the Court advised defendant of his right to appeal and to the appointment of counsel for that purpose should he be unable to afford counsel. *Id.* at 13.

On February 20, 2013, the Court received a letter from defendant dated November 29, 2012, requesting the Court to appoint counsel for purposes of appeal, which was filed as a notice of appeal. Rec. Doc. 51. On March 19, 2013, defendant filed a "Pro Se Notice of an Out of Time Appeal" which the Clerk treated as a supplemental notice of appeal. Rec. Doc. 55. On motion of the U.S. Attorney, the Fifth Circuit later dismissed these appeals as untimely. Rec. Docs. 71, 73.

On August 1, 2013, defendant filed this Motion to Vacate, raising claims of ineffective assistance of counsel, erroneous denial of the right to allocute, and erroneous application of a four-level enhancement of offense level under USSG §2k2.1(b)(6). Rec. Docs. 63. On March 10, 2014, the Court denied defendant's claims Motion to Vacate in part, as to the sentencing and allocution claims and ordered an evidentiary hearing on defendant's claim of ineffective

assistance of counsel. Rec. Doc. 76. The evidentiary hearing took place on May 7, 2014.

At the hearing, defendant, his mother, and his aunt, testified that Mr. Lawrence erroneously advised them that the time period for filing an appeal was two years. Defendant claimed that he received this advice the day after sentencing, when Mr. Lawrence visited him in a St. Tammany Parish jail. Tr. 34:2-36:4. His mother and aunt claimed that Mr. Lawrence advised defendant's entire family of the two-year delay in the hallway of the courtroom, moments after defendant had been sentenced. Tr. 7:5-10, 13:16-23.

Mr. Lawrence did not specifically remember the content of any conversation about appeal or that it was even discussed. Tr. 17:1-8, 19:4-20:1, 26:16-23, 28:7-14. However, he admitted that he consulted with defendant's family outside of the courtroom after sentencing. He admitted that he met with defendant in a St. Tammany Parish jail the day after he was sentenced and discussed his the sentence, his future, and the objections raised to the PSR. He admitted that he did not do appellate work, and that the time limit for filing an application for post-conviction relief in the state court, where he had previously represented defendant, was two years. Tr. 19:2-12, 21:24. It was undisputed that counsel was not retained to pursue defendant's appeal. Tr. 37:17-23.

At the conclusion of this hearing, the Court took the defendant's Motion to Vacate under submission. The only issue presently pending in this motion is whether defendant's attorney at sentencing provided ineffective assistance of counsel by failing to properly advise regarding the time limit for taking an appeal.

**II. Standards**

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1)

"counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Deficient performance requires a showing "that counsel made errors so serious that counsel was not functioning as counsel guaranteed" by the Sixth Amendment and that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688, 104 S. Ct. at 2064. Where a particular act or omission is concern, a defendant must show that it was not the result of reasonable professional judgment. *Id.* at 690, 104 S. Ct. at 2066. A reviewing court must determine whether the acts or omissions fell outside "the wide range of professionally competent assistance," while indulging "a strong presumption that counsel's conduct falls within" that range. *Id.* at 689, 104 S. Ct. at 2065.

Prejudice requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* A court may consider the twin requirements of deficient performance and prejudice in either order; failure on one prong obviates the need to analyze the other. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### III. Analysis

*A. Deficient Performance*

The decision of whether to take an appeal is personal to the convicted. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L.Ed.2d 987 (1983). This fundamental constitutional precept imposes three major duties upon criminal defense: (1) a duty to inform, (2) a duty to

consult, and (3) finally, a duty to act on the client's behalf.

First, defense counsel owe a duty to fully inform their clients as to their appellate rights once an appealable judgment has entered. *See Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993) ("What the Constitution does require is that the defendant be fully informed of his right to appeal."). This duty has never been qualified by the defendant's apparent lack of interest in appeal. Indeed, waiver of appellate rights through inaction or ambivalence cannot occur unless the defendant has been fully informed of those rights in advance. *Cf. Norris v. Wainwright*, 588 F.2d 130, 134 (5th Cir. 1979) ("a petitioner is entitled to relief if he can demonstrate that his court appointed attorney failed to properly inform him of his appellate rights"). "Full information" requires more than advice that an appeal is available. *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). The Constitution requires that a defendant be advised of "the procedure and time limits involved [in an appeal] and of his right to appointed counsel on appeal." *Id.* (quoting *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994)). *A fortiori*, an attorney's services will fall below an objective standard of reasonableness, if he supplies incorrect information on any of these topics. *Powers v. United States*, 446 F.2d 22, 24 (5th Cir. 1971).

Next, defense counsel owe a duty to "consult" with their clients about an appeal when there is reason think that a rational defendant would want to appeal or the defendant has actually expressed such a desire. *Roe v. Flores Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 1036, 145 L.Ed.2d 985 (2000). Whether a rational defendant would want to appeal or the defendant has expressed a desire to appeal are fact-sensitive inquiries. *Id.* Further, "consultation" in this context means advising the client as to the advantages and disadvantages of taking the appeal and making a reasonable effort to discover the client's wishes. *Id.* at 478, 120 S.Ct. at 1035. The

5

criminal defense attorney need not be a mind reader. *See Childs v. Collins*, 995 F.2d 67, 69 & n.1 (5th Cir. 1993). However, consultation requires an "honest" effort to determine the client's wishes, i.e., one that is reasonable under the circumstances. *Cf. United States v. Rivas*, 450 F. App'x 420, 427 (5th Cir. 2011).

Finally, if the client indicates a desire to appeal, then trial counsel owe a duty to file the notice of appeal. In the words of the Supreme Court,

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Flores-Ortega,* 528 U.S. at 477, 120 S. Ct. at 1035.

In the present case, the Court does not find that counsel gave the erroneous advice that defendant and his family have claimed. Counsel has been practicing in federal court for 35 years. Tr. 21:12-14. He knew at the time of sentencing, as he knows now, that the delay period for filing a notice of appeal is 14 days. Tr. 21:15-18. Even taking into account his lack of experience in appellate work, it is implausible that he would have confused the delay period for state post-conviction relief with the delay period for filing a notice of appeal in federal court. More likely than not, *defendant and his family* superimposed the state post-conviction time limit onto the time for noticing a federal appeal, based on defendant's previous state court experience.

Although counsel is innocent of the main accusation in this motion, the Court nevertheless finds that his representation fell below an objective standard of reasonableness based on the evidence presented. First, counsel failed to properly inform defendant of his right to appeal. This much was implicit in defendant's testimony that he would have appealed his

6

sentence timely had he been given the proper advice. Tr. 37:8-9. For his part, counsel testified repeatedly that he did not remember advising plaintiff of the proper time limit, but that he did not think he did. Tr. 18:12-14, 19:20-20:1, 29:18-20. The Court finds that counsel did not fulfill his obligation to advise defendant of "the procedure and time limits involved" in taking an appeal. *White*, 180 F.3d at 652.

Second, counsel owed a duty to consult with defendant regarding the possibility of appeal because a reasonable defendant in his position would have wanted to appeal. On the advice of counsel, defendant had pleaded guilty to his entire indictment without a plea agreement, thereby staking his only hopes of a lesser sentence on his objections to the PSR. These were precisely the plea-related circumstances that the Supreme Court indicated could give rise to a duty to consult regarding appeal. *See Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. at 1036 ("Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea or whether the plea expressly reserved or waived some or all appeal rights."). The evidence discloses no consideration that would have weighed against appealing. Under these circumstances, counsel owed a duty to consult - a duty which the evidence further shows he failed to honor.

Counsel admitted that he did not talk to defendant about the possibility of appealing. Tr. 25:16-26:19, 26:16-23, 28:7-14. Though counsel testified that he formed an "opinion" or "understanding" that defendant was not going to appeal, he could not say how. Tr. 18:8-11, 24:15-17. In any case, his opinion could not have been based on any conversation with the defendant because he admitted that no such conversation ever took place. Thus, counsel's consultation efforts were lacking and constitutionally deficient.

The U.S. Attorney has argued defendant should bear responsibility for his failure to request an appeal at some point. However, it is clear that defendant (a) thought he had more time to decide what he wanted to do than he actually had and (b) wanted to use the time to save money to potentially hire Mr. Lawrence for the appeal. Tr. 37:17-23. Counsel compounded the problem by advising defendant to lay low and let the case die down. Tr. 34:22-23. This would have come across as legal advice to anyone in defendant's position, especially given that counsel said it during a confidential jail visit, in between discussing the length of sentence and the merits of objections to the PSR. Tr. 17:22-18:7, 19:16-23. The failure to pair this advice with some accurate information and advice regarding appeal was certainly unreasonable.

For all of these reasons, the Court finds that counsel's performance fell below an objective standard of reasonableness.

*B. Prejudice*

Regarding prejudice, a defendant need only show a reasonable probability that he would have taken the appeal. *Rivas*, 450 F. App'x at 428. He need not show that the appeal would have been successful or meritorious. *Id.*

At the hearing, defendant testified that it was always his intent to appeal his sentence. Tr. 35:6-7.  He further testified that he would have timely appealed had he been given correct information. Tr. 37:8-9. Defendant's decision to plead guilty without a plea offer and his level of investment in the objections to the PSR strongly support his testimony. Defendant was therefore prejudiced by counsel's deficient performance.

**IV. Conclusion**

Counsel inadequately inform defendant about his right to appeal. He further inadequately

consulted with defendant regarding his desire to appeal and the wisdom of taking an appeal under the circumstances of this case. Because of these failures, defendant was prevented from exercising his constitutional right to appeal. Counsel was therefore constitutionally ineffective. Defendant is entitled to an out-of-time appeal. Accordingly,

IT IS ORDERED that defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is hereby DISMISSED WITHOUT PREJUDICE. Rec. Doc. 63.

IT IS FURTHER ORDERED that defendant's criminal judgment of conviction and sentence is hereby VACATED and RE-ENTERED, pursuant to the procedures outlined in *United States v. West*, 240 F.3d 456, 459 (5th Cir. 1993). Rec. Doc. 49.

New Orleans, Louisiana this 21st day of July, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT