UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DORSEY** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-119** |
| **UNITED STATES OF AMERICA** | **SECTION "C"** |

### ORDER AND REASONS[1]

Before the Court is a motion to vacate under 28 U.S.C. § 2255 by Movant. Rec. Doc. 97. The Court ordered the Government to file a response to the request by Movant for post conviction relief. Rec. Doc. 98. The Government submitted a memorandum on this issue. Rec. Doc. 99. Movant opposes. Rec. Doc. 100. Dorsey has also filed a motion for an evidentiary hearing regarding his motion to vacate. Rec. Doc. 101. The Court has determined that Movant's current motion is not a second and successive post-conviction notice, however, Movant has failed to show that he is entitled to the relief sought and is not entitled to an evidentiary hearing before a magistrate judge. Specifically, this Court has previously dismissed the same or similar claims made by Movant in his prior petition.The motion to vacate is dimissed with prejudice and the motion for an evidentiary hearing is denied.

On April 27, 2015, Movant filed this motion and made the following claims:

---

[1] Alexis Ruiz, a third year student at Tulane Law School, helped prepare this order

1) Movant's claim that his sentence was in violation of his constitutional rights as it violated the law as stated in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) and that it was based on "numerous enhancements". (see Rec. Doc. 97 at 16-19);

2) Movant's claim that he was improperly assessed four points for his leadership role under Section 3B1.1. (see Rec. Doc. 97, at 19-21). He claims that he received these four points only because he was famous; and

3) Movant's claim that his sentence was improperly enhanced because he was in a stolen vehicle at the time of his arrest. (see Rec. Doc. at 97, at 21-22). "When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." U.S. v. Randall, 770 F.3d 359, 364 (5th Cir. 2014) *citing* Alleyne v. United States 133 S. Ct. 2151, 2162 (2013).

Factual Background and Procedural History

On May 12, 2011, a federal grand jury indicted Movant Christopher Dorsey, aka "B.G.," with two counts of knowing possession of a firearm as a felon, in violation of U.S.C. § 922(g)(1) and §924(a)(2) and 18 U.S.C.§2 and one count of conspiring to obstruct, influence or impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and §1512(k). Rec. Doc. 1. On December 7, 2011, Movant was re-arraigned and entered a plea of guilty to all three counts of indictment without a plea agreement. Rec. Doc. 60.

On July 18, 2012, Movant was sentenced to 120 months imprisonment on Counts 1 and 2 of the indictment and 168 months as to Count Three, all to be served concurrently. Rec. Doc. 50 at 12. On February 20, 2013, the court received a letter from Movant dated November 29, 2012, requesting the Court to appoint counsel for purposes of appeal, which was interpreted as a notice of appeal. Rec. Doc. 51.

On March 19, 2013, Movant filed a "Pro Se Notice of an Out of Time Appeal " which the Clerk treated as a supplemental notice of appeal. Rec. Doc. 55. On motion of the U.S. Attorney, the Fifth Circuit later dismissed these appeals as untimely. Rec. Docs. 71, 73. On August 1, 2013, Movant filed his first Motion to Vacate under 28 U.S.C. § 2255. Rec. Doc. 63. In this Motion to Vacate, Defendant made three claims: ineffective assistance of counsel, erroneous denial of the right to allocute, and erroneous application of a four-level enhancement under United States Sentencing Guidelines §2k2.1 (b)(6). Rec. Doc. 63. The Government submitted a response memorandum on October 1, 2013, requesting that Movant's Motion to Vacate be denied arguing that Movant was not entitled to relief under 28 U.S.C. § 2255. Rec. Doc. 75.

On March 10, 2014, the Court denied Movant's Motion to Vacate in part, as to the application of the sentencing guidelines and allocution claims and ordered an evidentiary hearing on Movant's claim of ineffective assistance of counsel. Rec. Doc. 76. Movant subsequently filed a Notice of Appeal as to this order, which was dismissed by the Fifth Circuit on July 25, 2014 for lack of jurisdiction, since the order appealed from had not fully disposed of the matter. Rec. Docs. 77 & 94.

On May 7, 2014, an evidentiary hearing was held on the claim of ineffective assistance of counsel for failure to file a notice of appeal. Rec. Doc. 89. The Court granted Movant an out of time appeal reasoning that counsel's representation fell below an objective standard of reasonableness based on the evidence presented. Rec. Doc. 91. The Court found that counsel inadequately informed Movant about his right to appeal, and inadequately consulted Movant regarding his desire to appeal, which deprived Movant of his constitutional right to appeal. *Id*. at

9. As a result of counsel's failures, the Court granted Movant an out of time appeal and dismissed his Motion to Vacate without prejudice. Rec. Doc. 93.

On July 28, 2014, Movant filed a second Notice of Appeal. Rec. Doc. 95. On September 11, 2014, the Court of Appeals dismissed the second appeal due to want of prosecution. Rec. Doc. 96.

### A. Second and Sucessive Motion

The Government submits that Movant is not entitled to relief under 28 U.S.C. §2255(h), which states in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Government avers that Movant has not obtained the required appellate certification, and as a result, the Court lacks jurisdiction to entertain this motion. Rec. Doc. 99 at 6. The Government cites to *Burton v. Stewart* in which the Court held that the defendant "neither sought not received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging the custody, and so the District Court was without jurisdiction to entertain it." *Burton v. Stewart,* 549 U.S. 147, 157 (2007). The present case differentiates from *Burton* in that in the present case, the Movant's first 28 U.S.C. § 2255 motion was dismissed without prejudice. Rec. Doc. 91 at 9. The defendant's first 28 U.S.C. § 2255 motion in the *Burton* case was dismissed with prejudice; the Court determined that the defendant had not obtained authorization to file in the District Court and as a result the District Court never had jurisdiction…in the first place. *Burton*, 549 U.S. at 152. Here, because the Movant's first 28

U.S.C. § 2255 motion was dismissed *without prejudice*, the Movant is allowed to re-submit his Habeas Petition without Appellate Certification. *Slack v. McDaniel*, 529 U.S. 485-487 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 638 (1998). Therefore, Movant is entitled to proceed with the motion under 28 U.S.C. § 2255, as the Court finds this subsequent petition is not second or successive under 28 U.S.C. § 2255(h).

### B. Right of Allocution

Movant claims that his sentence was in violation of his constitutional rights as it violated the law as stated in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and that it was based on "numerous enhancements". Rec. Doc. 97 at 16-19 and Rec. Doc. 63 at 2. "Relief under Title 28, United States Code, Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981), citing *United States v. Decoster*, 624 F.2d 196, 207 (D.C.Cir. 1979) (en banc). A claim that a represented defendant was denied the right to make a statement on his own behalf, in violation of Fed. R. Crim. P. 32(a) is not cognizable under § 2255. *Hill v. United States*, 368 U.S. 424, 428-429 (1962). Further, this Court has previously denied this claim by Movant in his first petition seeking relief according to 18 U.S.C. § 2255:

> Insofar as movant urges these issues [right to allocution and erroneous enhancement] as independent grounds for relief at this Court, the government is correct in stating that they do not give rise to issues cognizable in a motion under § 2255. *See Hill v. United* States, 368 U.S. 424, 428-429, 82 S. Ct. 468, 471-472, 7 L. Ed. 2d 417 (1962) (denial of represented defendant's right to make a statement on his own behalf in violation of Fed. R. Crim. P. 32(a) not cognizable under § 2255); *United States v.* Segler, 37 F.3d 1131, 1134 (5th Cir. 1994)("A District court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

Rec. Doc. 76 at 7. For these reasons, the Court finds Movant is not entitled to relief on this claim.

### C. Application of Sentencing Guidelines

Movant submits that the Court enhanced his sentence due to his leadership role in the alleged obstruction of justice offense and as a result his substantial and constitutional rights were violated. Rec. Doc. 97 at 19. Movant further avers his sentence was improperly enhanced because he was in a stolen vehicle at the time of his arrest. Rec. Doc. at 97, at 21-22. Although these claims regarding the application of the sentencing guidelines are factually different than Movant's previous erroneous application of guideline claims, the claims still do not warrant an evidentiary hearing. Regardless of whether there was a misapplication of the sentencing guidelines, "[a] district court's … application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

For counts one and two, knowing possession of a firearm as a felon, which violates 18 U.S.C. § 922(g)(1) and § 924(a)(2) and 18 U.S.C. § 2, the statutory maximum sentence was 120 months as to each count. Rec. Doc. 99 at 7. The statutory maximum sentence for count three, conspiring to obstruct influence or impede an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and § 1512(k), was 240 months. Rec. Doc. 99 at 7. Movant was sentenced to 120 months on each counts one and two and to 168 months as to count three. *Id*. These three sentences were within the Judge's discretion to impose.

> "The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in 18 U.S.C. 3553 (a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation"

18 U.S.C. § 3582 (a). Movant received 120 months as to counts one and two and 168 months for count three. These sentences were to be served concurrently. Rec. Doc 49 at 2 and Rec. Doc. 92 at 2. Movant's previous challenge to the application of the sentencing guidelines was dismissed by this Court in its Order and Reasons dated March 10, 2014 since "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler* 37 F.3d. 1131,1134 (5th Cir. 1994). Thus, the Court finds there to be no claim under § 2255 for erroneous application of sentencing guideleines and dismisses this claim as well.

### D. Movant's Entitlement to Evidentiary Hearing

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." In this case, Movant was previously granted an evidentiary hearing and out-of-time appeal for his ineffective assistance of counsel claims. Movant's previous attempts to bring allocation and application of sentencing guidelines claims failed since neither are cognizable under § 2255. Again, Movant has failed to make a cognizable claim under § 2255 and show that he is entitled to relief. Under these circumstances, an evidentiary hearing is not required.

### Conclusion

In light of the foregoing, an evidentiary hearing is not required and all claims are dismissed.

Accordingly,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 97) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Motion for an Evidentiary Hearing (Rec. Doc. 101) is DENIED.

New Orleans, Louisiana, this 2nd day of October, 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE