UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-119 |
| CHRISTOPHER DORSEY | SECTION "E" (5) |

## ORDER AND REASONS

Before the Court is a motion to vacate or correct sentence, filed by Defendant-Movant Christopher Dorsey.[1] The United States opposes.[2] For the reasons that follow, the Court construes Dorsey's motion as a successive motion under § 2255 over which it does not have jurisdiction and **TRANSFERS** the motion to the United States Court of Appeals for the Fifth Circuit.

## BACKGROUND

On May 12, 2011, Dorsey was charged in a three-count indictment with two counts of being a felon in possession of a firearm and one count of conspiring to obstruct justice.[3] Dorsey pleaded guilty to all three counts.[4] Before his sentencing, the Government moved the Court to decrease his offense level by three points,[5] pursuant to § 3E1.1 of the United States Sentencing Guidelines.[6] The Court granted the Government's motion.[7]

Dorsey and the Government objected[8] to the draft Presentence Investigation Report prepared by the United States Probation Office.[9] The Government objected that

---

[1] R. Doc. 117.
[2] R. Doc. 123.
[3] R. Doc. 1.
[4] R. Doc. 25.
[5] R. Doc. 28.
[6] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1. § 3E1.1(a) permits a two-point decrease, and § 3E1.1(b) permits an additional decrease of one point.
[7] R. Doc. 29.
[8] R. Doc. 45 at 31–40.
[9] R. Doc. 30.

1

Dorsey did not receive an enhancement for a leadership role and, reversing its prior position, objected to Dorsey's receiving points for acceptance of responsibility based on his false and inconsistent statements with respect to his acceptance of responsibility.[10] The Government also moved for an upward departure.[11]

Dorsey objected to the enhancement for possessing a firearm in connection with another felony and asked for a reduction for playing a minor or minimal role in the offense.[12] In his objections to the report, Dorsey also moved for a downward variance, stating he had children, he had no violent criminal history, and he had strong character letters.[13]

In the revised Presentence Investigation Report, the United States Probation Office calculated Dorsey's base offense level as 20.[14] The Probation Office applied several enhancements to reach a total offense level of 32.[15] The Probation Office did not recommend a decrease for acceptance of responsibility in its final judgment.[16]

At sentencing on July 18, 2012, the Court overruled the parties' objections to the Presentence Investigation Report and denied the Government's motion for an upward departure.[17] In denying Dorsey's motion for a downward variance, the Court stated, "[Dorsey's] music and his videos are deplorable and irresponsible, and while I don't intend to enhance his sentence on that basis, I don't think he should be rewarded on that basis either."[18]

---

[10] R. Doc. 45 at 31–33.
[11] *Id.* at 34.
[12] *Id.* at 36–37.
[13] *Id.* at 38–39.
[14] *Id.* at 13.
[15] R. Doc. 45 at 13.
[16] *Id.*
[17] R. Doc. 50 at 2–8.
[18] *Id.* at 5–6.

The Court ultimately granted Defendant a two-level decrease for acceptance of responsibility, pursuant to § 3E1.1(a), for a total offense level of 30.[19] Based on Dorsey's criminal history, which was a Category IV, the Court found the sentencing range under the United States Sentencing Guidelines to be 135 months to 168 months.[20] The Court sentenced Dorsey to 120 months imprisonment as to Counts 1 and 2 and 168 months as to Count 3, to be served concurrently.[21]

On February 20, 2013, the Court received a letter requesting appointment of counsel for appeal.[22] On March 19, 2013, Defendant filed a "Pro Se Notice of an Out of Time Appeal."[23] On the Government's motion, the Fifth Circuit dismissed these appeals as untimely.[24]

On August 1, 2013, Dorsey filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[25] At an evidentiary hearing on the motion, Defendant testified his counsel told him the period for filing his appeal was two years.[26] The Court found Defendant entitled to an out-of-time appeal, dismissed his motion without prejudice, and vacated and re-entered the judgment of conviction.[27] Dorsey timely appealed.[28] On September 10, 2014, the Fifth Circuit dismissed the appeal for want of prosecution.[29]

On April 27, 2015, Dorsey filed a motion to vacate his sentence pursuant to 28

---

[19] R. Doc. 50 at 6.
[20] *Id.* at 6.
[21] R. Doc. 49.
[22] R. Doc. 51.
[23] R. Doc. 55.
[24] R. Doc. 71, 73.
[25] R. Doc. 63.
[26] R. Doc. 91 at 3.
[27] *Id.*
[28] R. Doc. 95.
[29] R. Doc. 96.

U.S.C. § 2255.[30] On October 6, 2015, the Court denied his motion.[31] The Court denied his motion for a certificate of appealability.[32] The Fifth Circuit also denied his motion for a certificate of appealability.[33]

On July 5, 2018, Dorsey filed the instant motion.[34] The motion is styled as a "motion to vacate sentence and request sentencing correction due to Guideline plain error."[35] Dorsey challenges the denial of his motion for a downward variance and argues his Guidelines sentencing range was calculated incorrectly.[36] The motion does not specify the statutory basis on which it is brought. The Government opposes.[37] The Government argues the Court should either dismiss the claim for lack of jurisdiction or construe the claim as a successive motion under § 2255 and transfer the motion to the Fifth Circuit.[38]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[39] "A trial judge lacks authority to

---

[30] R. Doc. 97.
[31] R. Doc. 102.
[32] R. Doc. 107.
[33] R. Doc. 112.
[34] R. Doc. 117.
[35] *Id.*
[36] R. Doc. 117-1 at 8. Dorsey argues, "Due to the erroneous denial of the downward variance, Mr. Dorsey's points were calculated at 30. However, that range was wrong. But for that error, the total number of criminal history points would have been 29 or 28, not 30." *Id.* Dorsey misunderstands the nature of a variance. Under the Guidelines, a sentence is considered a "variance" when "the court imposes a sentence that is outside the guidelines framework." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 commentary. At sentencing, the Court found Dorsey's total offense level under the Guidelines was 30. R. Doc. 50 at 7. The Court separately denied Dorsey's motion for a downward variance, R. Doc. 50 at 5–6, which was a request to impose a sentence shorter than the Guidelines sentencing range, not a challenge to the Court's calculation of Dorsey's offense level.
[37] R. Doc. 123.
[38] *Id.* at 6.
[39] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

4

correct a sentencing error unless Congress has provided otherwise. Outside of such a provision of authority, errors at sentencing may be corrected only on appeal."[40]

Dorsey states he brings his motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure.[41] Rule 52(b) provides, "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."[42] The Rule "governs on appeal from criminal proceedings [and] provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court."[43] The Rule does not create a separate basis on which a defendant may challenge his or her sentence.[44]

Dorsey does not otherwise state the legal basis on which he brings his motion. He does not specify whether he seeks a correction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, a modification of his sentence pursuant to 18 U.S.C. § 3582(c), review of his sentence pursuant to 18 U.S.C. § 3742, or collateral review of his sentence under 28 U.S.C. § 2255. The Court evaluates his claims under each framework.

## ANALYSIS

### I. Rule 35 of the Federal Rules of Criminal Procedure does not entitle Dorsey to relief.

Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[45] The rule provides this Court with a "narrow authority" that "extends solely to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost

---

[40] *United States v. Murray*, 700 F.3d 241, 243 (5th Cir. 2012) (citations omitted.)
[41] R. Doc. 117-1 at 1.
[42] FED. R. CRIM. P. 52(b).
[43] *United States v. Olano*, 507 U.S. 725, 731 (1993).
[44] *See id.*
[45] FED. R. CRIM. P. 35(a).

certainly result in a remand of the case to the trial court for further action."[46] Moreover, the period for modifications is to be "strictly construed."[47] Dorsey does not identify an arithmetic, technical, or other clear error, and he did not bring this challenge within fourteen days of imposition of his sentence. As a result, to the extent Dorsey brings the instant motion under Rule 35(a), he is not entitled to relief.

Rule 35(b) permits reduction of a sentence upon the "government's motion made within one year of sentencing . . . if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."[48] The Government has not made such a motion in this case. Rule 35(b) does not apply.

## II. Dorsey is not entitled to modification of his sentence under 18 U.S.C. § 3582(c).

18 U.S.C. § 3582(c)(1)(A)(i) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.[49]

The Bureau of Prisons applies this "compassionate release" provision[50] "in particularly

---

[46] *United States v. Olarte-Rojas*, 820 F.3d 798, 803-04 (5th Cir. 2016) (internal quotation marks and citation omitted).
[47] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (citing *United States v. Lopez,* 26 F.3d 512, 515 (5th Cir.1994)).
[48] FED. R. CRIM. P. 35(b).
[49] 18 U.S.C. § 3582(c)(1)(A)(i).
[50] *See, e.g., Todd v. Fed. Bureau of Prisons*, 31 F. App'x 833 (5th Cir. 2002).

6

extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."[51] Dorsey does not argue there are "extraordinary and compelling reasons" warranting a reduction, and he does not allege he has exhausted his administrative remedies. As a result, § 3582(c)(1) does not entitle him to relief.

18 U.S.C. § 3582(c)(2) provides for modification of a sentence when a Defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[52] Dorsey does not argue he was sentenced under a provision of the Guidelines that was subsequently modified. § 3582(c)(2) does not entitle him to relief.

### III. Dorsey cannot seek review under 18 U.S.C. § 3742(a).

18 U.S.C. § 3742(a) allows defendants to appeal sentences on the grounds that the sentence:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.[53]

"The provisions for modification of a sentence under § 3742 are available to a defendant

---
[51] 28 C.F.R. § 571.60.
[52] 18 U.S.C. § 3582(c)(2).
[53] 18 U.S.C. § 3742(a).

only upon direct appeal of a sentence or conviction."[54] As a result, § 3742 does not provide Dorsey with relief.

### IV. To the extent Dorsey brings the instant motion as a successive motion under § 2255, this Court does not have jurisdiction to consider it.

28 U.S.C. § 2255 allows a federal prisoner to move the court that imposed his or her sentence to vacate, set aside or correct the sentence.[55] Section 2255 identifies four bases on which the motion may be made: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose" the sentence, (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[56] "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[57]

Dorsey already has filed one § 2255 motion in this case.[58] Under 28 U.S.C. § 2244(b)(3)(A), "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[59] If a defendant files a second or successive § 2255 motion, "the district court may either dismiss the motion

---

[54] *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (citing *Williams v. U.S.,* 503 U.S. 193 (1992); *United States v. Esquivel–Cortes,* 867 F.2d 830, 831 (5th Cir. 1989)).
[55] 28 U.S.C. § 2255(a).
[56] *Id.*
[57] *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted).
[58] R. Doc. 97.
[59] 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Since Key had already filed one federal habeas petition, he needed this court's permission before he could again challenge his conviction or sentence in the district court.").

for lack of jurisdiction, or it may transfer the motion to" the court of appeals.[60] The Court transfers this motion to the Fifth Circuit.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to vacate or correct sentence, filed by Defendant-Movant Christopher Dorsey, which the Court construes as a successive motion under 28 U.S.C. § 2255, be and hereby is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.[61]

**New Orleans, Louisiana, this 8th day of May, 2019.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[60] *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (unpublished) (citing *Key*, 205 F.3d at 774).
[61] R. Doc. 117.