UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-119 |
| CHRISTOPHER DORSEY | SECTION "E" (5) |

## ORDER AND REASONS

On November 16, 2020, Christopher Dorsey filed the instant Motion for Compassionate Release.[1] On November 30, 2020, the Government filed a response in opposition.[2] Dorsey's motion for compassionate release requests he be granted "compassionate release under 18 U.S.C. § 3582(c)(1)(A) and order that he be temporarily placed on home confinement or, alternatively, be released with special conditions or that he be furloughed for the duration of the COVID-19 pandemic."[3]

## BACKGROUND

On May 12, 2011, Dorsey was charged in a three-count indictment with two counts of being a felon in possession of a firearm and one count of conspiring to obstruct justice.[4] Dorsey pleaded guilty to all three counts.[5] On July 18, 2012, the Court sentenced Dorsey

---

[1] R. Doc. 136. On April 28, 2020, Cynthia Dorsey, on behalf of Defendant Christopher Dorsey, filed a motion for compassionate release. R. Doc. 128. This motion was withdrawn on May 28, 2020. R. Doc. 132.
[2] R. Doc. 138.
[3] R. Doc. 136. Dorsey further argues he is entitled to a two-level reduction in sentence due to a calculation error during his original sentencing. R. Doc. 136-1 at 2-3. In 2018, Dorsey raised this same issue in a "Motion to Vacate Sentence and Request Sentence Correction Due to Guideline Plain Error." R. Doc. 117. The court construed Dorsey's motion as a successive motion under 28 U.S.C. § 2255 over which it did not have jurisdiction and transferred the motion to the United States Court of Appeals for the Fifth Circuit. R. Doc. 126. The Fifth Circuit denied Dorsey's motion for authorization to file a successive 28 U.S.C. § 2255 motion. R. Doc. 127.
[4] R. Doc. 1.
[5] R. Doc. 25.

to 120 months as to Counts 1 and 2 and 168 months as to Count 3, to be served concurrently.[6]

## LAW AND ANALYSIS

### I. Dorsey has failed to exhaust his administrative remedies for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[7] Finality is an important attribute of criminal judgments and is "essential to the operation of our criminal justice system."[8] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[9]

As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[10] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[11] With respect to the option for the motion to be brought by the

---

[6] R. Doc. 49.
[7] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[8] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[9] 18 U.S.C. § 3582(c).
[10] *Id.* § 3582(c)(1)(A).
[11] *Id.*

2

defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[12] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[13]

In this case, the Bureau of Prisons has not filed a motion to reduce Dorsey's sentence. As a result, the Court considers Dorsey's instant motion seeking immediate release only if either (A) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (B) "30 days [have lapsed] from the receipt of [a defendant's request to bring a motion for compassionate release] by the warden of the defendant's facility."[14] Dorsey has not made any showing that either (A) he has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (B) he has made any such request to "the warden of [his] facility."[15] Dorsey's motion does not mention any administrative request for a reduction in sentence made to the Bureau of Prisons or the warden of the United States Penitentiary in Atlanta. The Government represents it contacted the Bureau of Prisons and confirmed "Dorsey did not submit anything (either by him or on his behalf) to the BOP for compassionate release or reduction in sentence, as is required."[16]

---

[12] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[13] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[14] 18 U.S.C. § 3582(c)(1)(A).
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] R. Doc. 138 at 7.

3

Because the Court cannot consider Dorsey's request for compassionate release until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion without prejudice for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).

## II.  Dorsey's Request for Release to Home Confinement is Denied.

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A), Dorset requests that "he be temporarily placed on home confinement or, alternatively, be released with special conditions or that he be furloughed for the duration of the COVID-19 pandemic."[17] The Court construes this as a request for home confinement.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[18] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[19] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[20] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[21]

Because Dorsey seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[22] A challenge

---

[17] R. Doc. 136 at 1.
[18] *See* Fed. R. Crim. P. 35.
[19] 18 U.S.C. § 3621(b) (emphasis added).
[20] 18 U.S.C. § 3622 (emphasis added).
[21] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[22] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Dorsey is incarcerated. Dorsey is incarcerated in Atlanta, Georgia. Thus, any such motion must be brought in the United States District Court for the Northern District of Georgia, which encompasses Atlanta, Georgia.

As a result, the Court denies the motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Dorsey to home confinement.

## CONCLUSION

Dorsey's motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED WITHOUT PREJUDICE** to refiling after Dorsey has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on Dorsey's behalf or the lapse of 30 days from the receipt of such a request by the warden of Dorsey's facility, whichever is earlier.

Dorsey's motion for home confinement pursuant to 18 U.S.C. § 3622 is **DENIED WITH PREJUDICE**.

**New Orleans, Louisiana, this 11th day of December, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**