UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 11-119 |
| CHRISTOPHER DORSEY | SECTION: "E" (5) |

## ORDER AND REASONS

On May 11, 2021, Christopher Dorsey filed the instant Motion for Compassionate Release.[1] On June 15, 2021, the Government filed a response in opposition.[2] Dorsey's motion for compassionate release requests that he be granted compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## BACKGROUND

On May 12, 2011, Dorsey was charged in a three-count indictment with two counts of being a felon in possession of a firearm and one count of conspiring to obstruct justice.[3] Dorsey pleaded guilty to all three counts.[4] On July 18, 2012, the Court sentenced Dorsey to 120 months as to Counts 1 and 2 and 168 months as to Count 3, to be served concurrently.[5] Dorsey has less than three years to serve on his sentence.[6]

Dorsey sent a letter to the Clerk of Court, with a request that it be forwarded to the Court, and a personal letter to the Court in support of his motion seeking compassionate

---

[1] R. Doc. 140.
[2] R. Doc. 142. In Rec. Doc. 143 the Government filed a motion to correct Exhibit D. The motion was granted in R. Doc. 144.
[3] R. Doc. 1.
[4] R. Doc. 25.
[5] R. Doc. 49.
[6] According to the BOP website, his projected release date is April 13, 2024. *See* https://www.bop.gov/inmateloc/.

1

release.[7] The Court will construe the filings as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and a memorandum in support thereof.

## LAW AND ANALYSIS

### I. Dorsey has exhausted his administrative remedies for compassionate release.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of § 3582(c)(1)(A) are met.[8] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[9] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In this case, Dorsey filed a request for compassionate release with the warden on February 19, 2021.[10] On March 4, 2021, the Warden denied his request because Dorsey failed to provide the proper paperwork to process it.[11]

The Government does not dispute the exhaustion requirements of § 3582(c)(1)(A) are satisfied.[12] Accordingly, the Court finds Dorsey has properly exhausted his administrative remedies, and the Court will proceed to evaluating Dorsey's request for compassionate release on the merits.

---

[7] R. Docs. 140 and 140-1.
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *Id.*
[10] R. Doc. 142.
[11] Dorsey represents the warden of his facility has recommended that he be granted compassionate release. R. Doc. 140. The record reflects that Warden Joyner ultimately denied his request on March 4, 2021. R. Doc. 142-1.
[12] R. Doc. 142 at p. 3.

## II. Dorsey has not met his burden of proving he is entitled to compassionate release.

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment – The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . .[13]

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[14]

---

[13] 18 U.S.C. § 3582(c).
[14] 28 U.S.C. § 994(t).

The First Step Act amended 18 U.S.C. § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that, upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and a determination "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[15] Although the Fifth Circuit has concluded the policy statement found in § 1B1.13 applies only to motions of the Director of the Bureau of Prisons,[16] the courts of appeals have recognized the policy statement continues to provide important "guideposts."[17] District courts must decide for themselves whether "extraordinary and compelling" reasons exist but then may turn to the Sentencing Commission's policy statement to determine whether a reduction is "consistent with" any "applicable" policy statements, including any descriptions given by the Sentencing Commission of what it considers to be "extraordinary and compelling reasons."[18]

Under Section 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy

---

[15] U.S.S.G. § 1B1.13.
[16] *See United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).
[17] *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").
[18] *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021).

statements issued by the Sentencing Commission."²¹ The United States Sentencing Commission's relevant policy statement, found in Section 1B1.13, application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons. – Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant. –
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.¹⁹
>
> (C) Family Circumstances. –
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

¹⁹ U.S.S.G. § 1B1.13, app. n.1.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The defendant has the burden to show circumstances meeting the test for compassionate release.[20] As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary."[21]

Dorsey is not suffering from a terminal illness, he is not over 65 years old, he has not argued he has a condition that substantially diminishes his ability to care for himself, and he has not argued "family circumstances" warrant a sentence reduction. Accordingly, Dorsey may obtain compassionate release only if the "catchall" provision outlined in subsection (D) of the policy statement is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances. The Fifth Circuit explains that some courts have granted compassionate release for "other reasons" in exceptional cases "where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID."[22] This is not such an exceptional case.

In his original motion, Dorsey argued extraordinary and compelling reasons are present for compassionate release because he suffers from "a host of health problems."[23]

---

[20] *See, e.g., United States v. Neal*, No. 2:10-cr-00685-JMG-1, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); *United States v. Adeyemi*, Crim. A . No. 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).
[21] *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (citations omitted).
[22] *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (discussing cases).
[23] R. Doc 136 at p. 1.

6

In the pending motion, Dorsey does not mention his health, but the Court will consider whether he has health problems that constitute extraordinary and compelling reasons. Despite Dorsey's protestations that his medical records reveal he "suffers from seizures and other underlying issues" that may become life threatening were he to contract COVID-19,[24] Dorsey's medical records reveal otherwise. Indeed, the review of his medical records undertaken as part of Dorsey's request for compassionate release reveals:

> Inmate Dorsey is a 40 year old black male, who is a Medical Care Level 1 and a Mental Health Care Level L at this time. Inmate Dorsey no history of chronic illness and is not in treatment for any illnesses at this time. There is no mention of him having a seizure disorder in his medical records. Inmate Dorsey has not been prescribed any medications.[25]

The report concluded: "Inmate Dorsey has no other medical condition that we are aware of and the Health Services Department has no medical concerns for inmate Dorsey at this time."[26] Moreover, Dorsey is vaccinated; he has received both doses of the Pfizer vaccine from the BOP.[27] Dorsey has not established that extraordinary and compelling reasons warrant a reduction in his sentence.

### III. Section 3553(a) factors weigh against reducing Dorsey's sentence.

Even assuming Dorsey has shown his health conditions amid the current COVID-19 pandemic are "extraordinary and compelling" circumstances warranting a reduction in his sentence, he is not entitled to relief under § 3582 because he is a danger to the community and the § 3553(a) factors weigh heavily against his release. Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

---

[24] R. Doc. 142-2.
[25] R. Doc. 142-3.
[26] *Id.*
[27] R. Doc. 143-2.

7

Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[28]

The Court discusses the relevant factors under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) simultaneously due to their similarity. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors regarding a petitioner's danger to the community include "the nature and circumstances of the offense charged;" "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history;" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[29] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

---

[28] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[29] 18 U.S.C. § 3142(g).

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][30]

Having considered all of the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against reducing Dorsey's sentence. The nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily in the Court's decision. Dorsey was charged with and pleaded guilty to a three-count indictment with two counts of being a felon in possession of a firearm and one count of conspiring to obstruct justice.[31] These are violent crimes, and their violent nature is underscored by the underlying facts. Dorsey was arrested when the vehicle he was in was detained by police officers, who noticed a firearm under the front console. After removing the three suspects – including Dorsey – from the vehicle, the officers performed a search and discovered two more handguns and a bottle of prescription pills in a Tylenol bottle. The officers learned that the vehicle had been reported stolen as well as one of the handguns. The suspects were arrested for drug and firearm offenses. From jail, Dorsey and one of his co-suspects engaged in a repeated pattern of recorded telephone calls to ultimately blame possession of the handguns on the third suspect.[32] "The combination of drugs and guns constitutes a very serious danger to the community."[33] The presence of guns and drugs at the scene of Dorsey's arrest, along with his conspiring to obstruct justice, weigh against

---

[30] 18 U.S.C. § 3553(a).
[31] R. Docs. 1, 25.
[32] The background facts are included in the Factual Basis from Dorsey's sentencing. R. Doc. 27.
[33] *United States v. Mosqueda*, No. CR 16-233, 2017 WL 5157847, at *4 (W.D. Pa. Nov. 7, 2017); *see United States v. Strong*, 775 F.2d 504, 506-07 (3d Cir. 1985) (noting that in the Bail Reform Act, Congress equated drug trafficking with danger to the community).

compassionate release. The Court notes that, based on the presentence report, Dorsey had a base offense level of 20, with a total offense level of 32[34] and a criminal history category of IV.[35] This resulted in a guideline sentence of 168-210 months.[36] The trial court judge sentenced Dorsey to 168 months imprisonment, a sentence at the lowest end of the guideline range.[37] A reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Dorsey's sentence.

Dorsey argues he has been rehabilitated and is no longer the same person who committed these offenses.[38] His prison record belies such an argument. His BOP disciplinary record reveals that he has write-ups for possessing drugs/alcohol in 2021, possessing a hazardous tool in 2021 and 2020, using suboxone in 2020 and 2019, testing positive for Buprenorphine in 2019, refusing a work assignment in 2019, possessing narcotics in 2017, phone abuse in 2017, possessing an unauthorized item in 2017, and possessing a dangerous weapon in 2014.[39] Dorsey's violations inside the Bureau of Prisons appear to be similar to his conduct which led to his arrest - possession of illegal substances and dangerous weapons. In any event, rehabilitation alone is not considered an extraordinary and compelling reason justifying a sentence reduction.[40]

---

[34] Additional points were added: Plus two (possession of at least four firearms), plus two (two firearms were stolen), plus two (possession of a firearm in connection with another felony), plus two (leadership), and plus two (obstruction of justice).
[35] R. Doc. 45 (sealed).
[36] *Id.*
[37] R. Doc. 49.
[38] R. Doc. 140-1.
[39] R. Doc. 142-5.
[40] 28 U.S.C § 994(t).

Dorsey has the burden to show he qualifies for compassionate release.[41] Based on the facts before it, Dorsey has not presented compelling and extraordinary reasons for his compassionate release.

## **CONCLUSION**

Dorsey's motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**New Orleans, Louisiana, this 24th day of June, 2021.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES** DISTRICT **JUDGE**

---

[41] *See* fn. 19.

11