UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-119 |
| CHRISTOPHER DORSEY | SECTION "E" (5) |

**ORDER ON REVISED SPECIAL CONDITIONS
OF SUPERVISED RELEASE**

On December 7, 2011, Defendant Christopher Dorsey was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(G)(1) and obstruction of justice in violation of 18 U.S.C. §§ 1512(C)(2) and (K).[1] On July 18, 2012, he was sentenced to 120 months imprisonment and two years of supervised release, subject to all standard conditions of supervised release and certain special conditions.[2] The Defendant's conditions of supervised release were modified at the request of the District of Nevada to include the search and seizure provision on April 23, 2023, after the Defendant submitted a prerelease plan to relocate to the District of Nevada upon his release from the Bureau of Prisons. On January 24, 2024, the Court reduced the Defendant's previously imposed sentence of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(2).[3] On February 1, 2024, at his request, the Defendant was released to the District of Nevada and his term of supervised release commenced.

The United States Probation Office for the Eastern District of Louisiana provided the Government with a Summary of Supervision for the Defendant on April 5, 2024.[4] That office provided the Court with a Probation Dispositional Report and a Sentencing

---

[1] R. Doc. 25.
[2] R. Docs. 48, 49.
[3] R. Doc. 162.
[4] R. Doc. 180-1.

1

Recommendation for the Defendant on June 14, 2024.[5]

Before the Court is the Government's Motion for a Rule to Show Cause Why the Defendant's Term of Supervised Release Should Not Be Modified.[6] The Court granted the motion and ordered the Defendant to appear before the Court on Tuesday, June 18, 2024 at 2:00 p.m. to show cause why supervised release should not be modified.[7] The Defendant filed memorandums in opposition to the motion to modify the terms of his supervised release.[8]

The Court held a hearing on the rule to show cause on June 18, 2024, at which the Defendant's attorneys appeared and the Defendant testified.[9] The Government and the Defendant confirmed they reached agreement about the modification of certain special conditions of supervised release but disagreed as to whether the Defendant should be required to "refrain from promoting and glorifying future gun violence/murder and obstructive conduct in his songs and during his concerts."[10]

The Government correctly points out that the goal of supervised release is rehabilitation and the successful re-entry into society of a recently incarcerated individual.[11] The Government argues the Defendant's recent lyrics, allegedly glorifying murder, drug dealing, and threatening those who cooperate with the police, echo the conduct that led to the Defendant's imprisonment[12] and are inconsistent with the goals of rehabilitation.[13]

---

[5] R. Docs. 189, 190.
[6] R. Doc. 180.
[7] R. Doc. 181.
[8] R. Docs. 184, 193.
[9] R. Doc. 195.
[10] R. Doc. 194.
[11] R. Doc. 180.
[12] *See* the Factual Basis for the Defendant's conviction. R. Doc. 27.
[13] *Id*. at 9.

The Defendant argues that he has not engaged in any criminal activities "or even [conduct] outside the acceptable norms of society,"[14] as his "music is self-expression and his lyrics do not rise to the level of illegal or criminal activity."[15] The Defendant argues that the additional condition proposed by the Government is an unconstitutional prior restraint of speech that is an overly broad condition of supervised release.[16]

18 U.S.C. § 3583 authorizes district courts to impose terms of supervised release depending on the crime for which the defendant was convicted. Section 3583(d) provides, in part, that in addition to general conditions of supervised release, a court may also impose a special condition, "to the extent that such [special] condition . . . (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set out in section 3553(a). In addition, Section 3583(f) and due process require that conditions of supervised release must be "sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

The Court is concerned that the additional condition proposed by the Government, that the Defendant "refrain from promoting and glorifying future gun violence/murder and obstructive conduct in his songs and during his concerts," may be an unconstitutional prior restraint of free speech. The Court finds that, without question, the additional condition is not sufficiently clear and specific to serve as a guide for the Defendant's conduct and for those entrusted with his supervision. To address the legitimate concerns expressed by the Government, the Court will impose a special condition that the Defendant provide the United States Probation Office with a copy of the lyrics of any song

---

[14] R. Doc. 184 at pp. 2-3.
[15] *Id*. at p. 3.
[16] *Id*. at pp. 5-6.

3

he writes, in advance of his production or promotion of such song, and that those lyrics be shared with the Government. At that time, the Government may, if it deems necessary and appropriate, file another motion for leave to file a rule to show cause why the Defendant's conditions of supervised release should not be modified because the Defendant's conduct is inconsistent with the goals of rehabilitation.

Accordingly, **IT IS HEREBY ORDERED** that, while on supervised release, the Defendant shall comply with the mandatory conditions that have been adopted by this Court and shall not possess a firearm or ammunition.

**IT IS HEREBY FURTHER ORDERED** that the following Revised Special Conditions are imposed:

1. The Defendant shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the Defendant is deemed capable by the United States Probation Officer.

2. The Defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing. Participation may include inpatient/outpatient treatment. The Defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer. While under supervision, the Defendant shall submit to random urinalysis testing.

3. The Defendant shall perform 400 hours of unpaid community service, as directed by the United States Probation Officer.

4. The Defendant shall pursue his high school equivalency diploma or vocational training that will equip him for suitable employment as approved by the Court.

5. The Defendant shall obtain prior written approval from the United States Probation Officer before entering into any self-employment, which may include being a rap artist and/or singer in the music industry, so long as the Defendant informs his United States Probation Officer in advance of his employment in the music industry by providing evidence of any agreements or contracts to perform, including the date(s), places(s), and other artists who will perform at the same venue.

6. While on supervised release, the Defendant shall provide the United States Probation Office with a copy of the lyrics of any song that Defendant writes, in advance of his production or promotion of any such song. These documents will be kept by the United States Probation Office under seal to guard against any copyright infringements and shall not be released to the public without a court order or consent from Defendant. The United States Probation Office shall share its file, including these sealed documents, with the United States Attorney's Office upon receipt of the lyrics of any song. Once Defendant's term of supervised release is terminated, these documents will be returned to the Defendant and/or his attorney.

7. As a standard condition of his supervised release, the Defendant shall not associate with any convicted felon, without obtaining the written permission of his United States Probation Officer. (This does not include individuals that Defendant may meet for a very brief casual encounter, such as a fan who wants to take a picture or a fan that attends Defendant's concert). It is understood that in the Defendant's music career, the Defendant may come into contact with co-workers who are felons and will promptly notify the United States Probation Office in advance before any interaction with such individuals. Further, if the Defendant determines after the fact that someone he associated with is a felon, the Defendant will notify the United States Probation Office immediately. In any event, said association shall be approved for work purposes only, and the Defendant shall not otherwise associate with or socialize with felons.

8. The Defendant shall not travel outside the District of Nevada, where he is being supervised, without the written permission of the United States Probation Officer in that district. Permission may only be given for work related travel. Prior to approval being given, the United States Probation Officer must be provided with the Defendant's travel itinerary, including dates, purpose, accommodations, and the names of the individuals that Defendant will be traveling with and the people that Defendant will be working with.

**New Orleans, Louisiana, this 28th day of June, 2024.**

                                                  **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**